W. C. HILL v. BUB & KIPP.

[FILED MAY 18, 1892.]

1. **Lost Instruments**: EVIDENCE. In an action upon a lost draft which it was claimed had been accepted by H., *held*, that the proof clearly and unequivocally established the existence of the draft and the acceptance thereof by H.

2. **Pleading**: CONSIDERATION. That the question of consideration was not presented in an issuable form.

ERROR to the district court for Gage county. Tried below before APPELGET, J.

*Pemberton & Bush,* and *L. W. Colby,* for plaintiff in error.

*Hazlett & Bates, contra:*

In an action on an instrument for the payment of money, a general denial is inconsistent with a plea of no consideration, and substantially admits the execution of the instrument. (*School Dist. v. Holmes,* 16 Neb., 486; *Douglas v. Matting,* 29 Ia., 498; *Dinsmore v. Stimbert,* 12 Neb., 433.)

MAXWELL, CH. J.

This is an action upon a draft drawn by Fouts, Samuels & Co. on Hill, which it is claimed had been accepted by him. The draft was lost and the plaintiffs below tendered a good and sufficient bond of indemnity. The answer of Hill is in effect a general denial. On the trial of the cause the jury returned a verdict in favor of the defendant in error for the amount claimed and judgment was entered on the verdict.

It appears from the testimony that in the year 1886 Fouts, Samuels & Co., of Blue Springs, were indebted to the defendants in error in the sum of $119.21; that Fouts, Samuels & Co., sold their stock of merchandise to the plaintiff in error, and that he gave them a note for $2,000, payable in 1887; that a number of claims against Fouts, Samuels & Co. were sent to the firm of Burk & Prout, of Blue Springs, for collection, and the claims were satisfied by acceptances of the plaintiff in error which were credited upon the note before spoken of. Upon these matters there is no dispute.

Mr. Prout testifies that the claim in this case was satisfied against Fouts, Samuels & Co. in the same way, and in this he is corroborated by the entries made by him at the time in the collection register of the firm of which he was

a member, and by letter, and the testimony of several witnesses.

James J. Kenny, the cashier of the defendants in error, testified: "About the 13th day of December, 1886, the plaintiffs received advice from the collection agency of R. G. Dun & Co. to the effect that they, R. G. Dun & Co., had received advices from their ·attorney, in whose hands they had placed the said account for collection, that the firm of Fouts, Samuels & Co. were indebted to W. C. Hill in quite an amount, and that the said W. C. Hill had purchased the stock and building from Fouts, Samuels & Co., turning in his, W. C. Hill's, account against Fouts, Samuels & Co. as part payment and giving note for $2,000 for the balance of the purchase money; that Fouts, Samuels & Co. were settling claims against them by giving orders on W. C. Hill, payable at the maturity of the note that W. C. Hill had given for the balance of the purchase money, the said W. C. Hill accepting these orders, and Fouts, Samuels & Co. were willing to arrange for the settlement of plaintiffs' claim in this manner; the plaintiffs agreed to accept this mode of settlement, and so instructed the collection agency of R. G. Dun & Co., in whose hands the account had been placed for collection; that on the 27th day of December, 1886, the plaintiffs received a letter from the collection agency of R. G. Dun & Co. wherein they state that they had accepted draft on W. C. Hill for $119.21, with interest at eight per cent, payable November 6, 1887, in settlement of plaintiffs' claim against Fouts, Samuels & Co., which then made their claim against W. C. Hill and in the shape of an accepted draft."

The letter referred to is set forth in the record. There is also the letter of R. G. Dun & Co. to the defendants in error of December 27, 1886, saying that the claim against Fouts, Samuels & Co. had been settled by an accepted draft on W. C. Hill payable November 6, 1887, with in-

terest at eight per cent. Also a letter of R. G. Dun & Co. of January 3, 1887, to Bub & Kipp, enclosing the draft to them, and the letter of Bub & Kipp of November 1, 1887, to W. C. Hill, as follows:

"NOVEMBER 1, 1887.

"*Mr. W. C. Hill, Blue Springs*—DEAR SIR: We have this day forwarded note made by Fouts, Samuels & Co. and accepted by you, to the Gage county bank for collection and trust you will kindly protect same and oblige.

"Yours, etc.,                    BUB & KIPP.

"Due November 6."

Mr. Prout testifies that the draft was drawn by Mr. Fouts or the junior member of the firm. Mr. Fouts testifies that he did not draw the draft nor did any member of the firm to the best of his knowledge. The junior member was not called as a witness, so that the denial is not sufficient. So in regard to Mr. Hill; he could not testify positively as what claims he had assumed nor how much money he had paid Fouts, Samuels & Co. in addition to the claims which he had assumed. Such evidence cannot overcome positive testimony, supported, as it is, by such corroborating proof. Considerable is said about the want of proof of consideration, but that question is not presented in issuable form and need not be considered. It is evident that the verdict is the only one that should be rendered, and the judgment is

AFFIRMED.

THE other judges concur.